IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORTH AMERICAN CAPACITY )
INSURANCE COMPANY, )  2:11-cv-00521-GEB-EFB
 )
         Plaintiff, )
 )
     v. )  <u>ORDER DISMISSING COMPLAINT</u>
 )  <u>WITH LEAVE TO AMEND FOR</u>
SPIESS CONSTRUCTION CO., INC.; )  <u>FAILURE TO ALLEGE SUBJECT</u>
TRAVELERS CASUALTY AND SURETY )  <u>MATTER JURISDICTION; AND</u>
COMPANY OF AMERICA; GOOD VALUE )  <u>DENYING PENDING DISMISSAL</u>
CONSTRUCTION, INC.; STARWOOD )  <u>MOTIONS BROUGHT UNDER FED. R.</u>
CAPITAL GROUP GLOBAL I, LLC; )  <u>CIV. P. 12(b)(6) BECAUSE THEY</u>
MAMMOTH MOUNTAIN SKI AREA, LLC; )  <u>ARE MOOT</u>
LEXINGTON INSURANCE COMPANY; )
TOWN OF MAMMOTH LAKES; )
TRIAD/HOLMES ASSOCIATES; PSOMAS; )
SIERRA GEOTECHNICAL SERCVICES, )
INC.; and DOES 1 through 100, )
inclusive, )
 )
         Defendants. )
_____ )

        Defendant Town of Mammoth Lakes ("Mammoth") moves under Federal Rule of Civil Procedure ("Rule") 12(b)(1) for dismissal of Plaintiff's Complaint, arguing that the corporate Plaintiff has not alleged sufficient facts to establish that diversity of citizenship subject matter jurisdiction exists. Specifically, Mammoth argues Plaintiff "has not pled any facts regarding where its corporate place of business is located." (Mammoth's Mot. to Dismiss or, in the Alternative, to Stay the Action 5:25-26.)

        "For purposes of . . . diversity jurisdiction, a corporation is . . . a citizen both of the state (or states) in which it is incorporated and the state in which it has its principal place of

1

business." Casio, Inc. v. S.M. & R. Co., Inc., 755 F.2d 528, 529 (7th Cir. 1985) (citing 28 U.S.C. § 1332(c)). "Hence . . ., the plaintiff must allege both the state of incorporation and the state of the principal place of business for each corporation" named in a complaint. Id. at 529-30.

Here, Plaintiff has not alleged the state of its principal place of business. Plaintiff also has not alleged the state(s) in which several corporations named as Defendants have their principal places of business. Nor has Plaintiff alleged the citizenship of the owners and/or members of two limited liability companies ("LLC") named as Defendants. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (stating "an LLC is a citizen of every state of which its owners/members are citizens").

Therefore, Plaintiff's Complaint is dismissed for failure to allege subject matter jurisdiction. Since Plaintiff's Complaint is dismissed, the pending dismissal motions filed on March 17, 2011, and April 20, 2011, are denied as moot.

Plaintiff is granted fourteen (14) days from the date on which this Order is filed to file an amended complaint addressing the deficiencies in its Complaint.

Dated:  July 21, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge