IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NORTH AMERICAN CAPACITY INSURANCE COMPANY, | ) ) ) | 2:11-cv-00521-GEB-EFB |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER[*] |
| SPIESS CONSTRUCTION CO., INC.; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; GOOD VALUE CONSTRUCTION, INC; STARWOOD CAPITAL GROUP GLOBAL I, LLC; MAMMOTH MOUNTAIN SKI AREA, LLC; LEXINGTON INSURANCE COMPANY; TOWN OF MAMMOTH LAKES; TRIAD/HOLMES ASSOCIATES; PSOMAS; SIERRA GEOTECHNICAL SERVICES, INC.; and DOES 1 through 100, inclusive, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Defendant Town of Mammoth Lakes ("Mammoth") moves, *inter alia*, for an order dismissing Plaintiff's declaratory relief claims under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for the reasons stated below. Defendants Psomas, Triad/Holmes Associates, and Good Value Construction, Inc. ("Good Value") join Mammoth's dismissal motion.

Defendant Spiess Construction Co. ("Spiess") moves for dismissal of Plaintiff's declaratory relief claims under Rule 12(b)(6)

---

[*] This matter is deemed suitable for decision without oral argument.  E.D. Cal. R. 230(g).

for the reasons stated below. Defendants Good Value and Mammoth join Spiess' dismissal motion. Defendant Travelers Casualty and Surety Company of America ("Travelers") also moves for dismissal under Rule 12(b)(6). Defendants Good Value and Mammoth join Travelers' dismissal motion.

The crux of the dismissal motion is the parties' disagreement concerning how the following language in Plaintiff's insurance policy (the "Exclusion") should be interpreted:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .
>
> This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" caused directly or indirectly by, based on or attributed to, arising out of, resulting from, or in any manner related to "land or soil movement". Such "bodily injury", "property damage", or "personal and advertising injury" is excluded regardless of any other cause or event contributing concurrently or in any sequence or manner to the loss. . . .
>
> "Land or soil movement" means all earth or soil movement of any kind including, but not limited to, the settling, bulging, shrinkage, expansion, extension, slippage, erosion, mud flow or subsidence of land or soils.

(First Amended Complaint ("FAC") ¶ 21, Ex. A.)

Based upon the Exclusion, Plaintiff "seeks a judicial declaration that, in the absence of a potential for coverage, [it] owes no duty to defend [and no duty to indemnify] Defendants in connection with the Underlying Action" currently pending in California state court. Id. ¶¶ 33, 38. Further, Plaintiff argues the Exclusion applies to

1  Defendants' alleged negligence: "that on or about October 10, 2008, as
2  part of the construction of the Bike Path, [Good Value] was moving earth
3  in the area of the Tunnel and during this procedure, soils movement
4  caused severe damage to the Tunnel." Id. ¶ 25. Plaintiff relies upon
5  City of Carlsbad v. Insurance Co. of the State of Pennsylvania, 180 Cal.
6  App. 4th 176 (2009), arguing "[a]s written, the [E]xclusion is not
7  limited to only 'natural phenomena[.]'" (Pl.'s Opp'n to Travelers' Mot.
8  17:9-10.) In Carlsbad, the language "for any reason whatsoever" was held
9  to apply "to any causes, man-made or otherwise." Carlsbad, 180 Cal. App.
10  4th at 179, 182. But see Blackhawk Corp. v. Gotham Insurance Co., 54
11  Cal. App. 4th 1090, 1094-95 (1997) (holding an exclusion clause applied
12  to man-made causes when the exclusion specifically included that which
13  arises out of "any act, error or omission on the part of the insured,
14  including but not limited to improper grading or site preparation, error
15  in design, faulty materials or faulty workmanship").

16      Defendants rely upon Davis v. United Services Automobile
17  Ass'n, 223 Cal. App. 3d 1322 (1990), and Opsal v. United Services
18  Automobile Ass'n, 2 Cal. App. 4th 1197 (1991), arguing the Exclusion
19  "defines 'land and soil movement' as something that occurs naturally
20  and/or unintentionally . . . . It does not apply to the intentional
21  movement of soil." (Def. Travelers' Mot. 2:14-17.) In Davis, the court
22  held an exclusion clause did not apply to contractor negligence, since:

23          earth movement and contractor negligence present
            different risks; one results from an act of nature,
24          the other from acts of individuals. . . . The risk
            a contractor will fail to adequately prepare the
25          soils and foundations involves a wholly different
            set of factors than those involved in determining
26          whether to insure against a naturally occurring,
            difficult to predict earth movement.
27  ///

28  ///

3

_Davis_, 223 Cal. App. 3d at 1330. The _Opsal_ court similarly held an exclusion clause to "apply only to naturally occurring earth movement" since there is a "distinction between natural or unpredictable earth movement—an excluded risk under the policy—and that sort of earth movement which would not occur but for the negligence of third parties[.]" _Opsal_, 2 Cal. App. 4th at 1203.

"When interpreting state law, federal courts are bound by decisions of the state's highest court." _Vestar Dev. II, LLC v. Gen. Dynamics Corp._, 249 F.3d 958, 960 (9th Cir. 2001). In _State Farm & Casualty Co. v. Von Der Lieth_, 54 Cal. 3d 1123 (1991), the California Supreme Court "approve[d]" the "[California] Court of Appeals decision in [_Davis_]" and reiterated the distinction between contractor negligence and natural causes as follows: "Here, there was ample evidence that the third party negligence leading to the landslide was negligence in planning, approving and building . . . and not negligence in acting to prevent landslides resulting from natural causes." _Von Der Lieth_, 54 Cal. 3d at 1128, 1135; _see also_ B.E. Witkin, _Summary of California Law_ § 132 (2008)(referencing _Opsal_ and concluding the "exclusion applies only to naturally occurring earth movement"); Stephen E. Smith, _Property Insurance Coverage for Soil Movement: Understanding the Basics_, Orange County Lawyer, Feb. 2007, at 12 ("Exclusions for soil movement . . ., when read in isolation, eliminate coverage only for naturally-occurring soil movement, not soil movement caused by negligent grading, filling and compaction.").

Since the California Supreme Court has held that such exclusion clauses do not apply to third-party or contractor negligence, Plaintiff's allegations that "the alleged property damage in the

Underlying Action is excluded based upon . . . the [Exclusion]" are without merit. (FAC ¶¶ 32, 36.)

Therefore, Plaintiff's declaratory relief claims are dismissed against all Defendants with prejudice. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under [Rule] 12(b)(6) . . . without notice where the claimant cannot possibly win relief."); see also Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) (stating court may enter sua sponte dismissal as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants). Judgment shall be entered in favor of Defendants and this action shall be closed.

Dated:  September 22, 2011


_____
GARLAND E. BURRELL, JR.
United States District Judge