IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
NORTH AMERICAN CAPACITY           )
INSURANCE COMPANY,                )    2:11-cv-00521-GEB-EFB
                                  )
          Plaintiff,              )
                                  )    ORDER
     v.                           )
                                  )
SPIESS CONSTRUCTION CO., INC.;    )
TRAVELERS CASUALTY AND SURETY     )
COMPANY OF AMERICA; GOOD VALUE    )
CONSTRUCTION, INC.; STARWOOD      )
CAPITAL GROUP GLOBAL I, LLC;      )
MAMMOTH MOUNTAIN SKI AREA, LLC;   )
LEXINGTON INSURANCE COMPANY;      )
TOWN OF MAMMOTH LAKES;            )
TRIAD/HOLMES ASSOCIATES; PSOMAS;  )
SIERRA GEOTECHNICAL SERVICES,     )
INC.; and DOES 1 through 100,     )
inclusive,                        )
                                  )
          Defendants.             )
_____ )
```

Plaintiff filed a motion under Federal Rule of Civil Procedure ("Rule") 59(e) to vacate the Court's September 22, 2011 Order, arguing "there was a manifest error of law." (Notice of Pl.'s Mot. 1:6-7.) Defendants Spiess Construction Co., Inc.; Travelers Casualty and Surety Company of America; Good Value Construction, Inc.; Psomas; and the Town of Mammoth Lakes oppose the motion, arguing, *inter alia*, "Plaintiff fails to cite any legal authority in support of its position" that the Court committed a manifest error of law. (Travelers' Opp'n 4:18-19.)

"Under Rule 59(e), it is appropriate to alter or amend a

1

judgment if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." United Nat'l Ins. Co. v. Spectrum Worldwide, Inc., 555 F.3d 772, 780 (9th Cir. 2009) (internal quotation marks omitted).

Here, Plaintiff argues the Court made a manifest error of law since it relied upon cases that "analyze earth movement exclusions found in a first party 'all-risk' property policy rather than [those] found in a third party liability policy, which is at issue here." (Pl.'s Mot. 1:13-15.) Specifically, Plaintiff argues that unlike first party policies, "because a third party liability policy only covers the insured's liability it would be superfluous to specify and distinguish 'man-made' causes of damage as opposed to 'natural phenomena.'" Id. 12:15-17.

However, "[a]lthough such an argument has superficial appeal, we cannot say that, as a rule, it is nonsensical for third party policies to insure against losses resulting from natural causes. . . . It seems that insurance companies would want to place such unforeseen risks, such as damage and subsidence due to natural causes, outside the scope of coverage so as not to be liable for unlikely risks." Nautilus Ins. Co. v. Vuk Builders, Inc., 406 F. Supp. 2d 899, 905 (N.D. Ill. 2005). "It is reasonable to believe that the subsidence exclusion would apply to natural causes, unique hazards to which the construction business is generally not subject, and therefore are appropriately excluded from a construction insurance policy." Id.; see also, e.g., Garvey v. State Farm Fire & Cas. Co., 48 Cal. 3d 395, 406 (1989) ("The term 'perils' in traditional property insurance parlance refers to

fortuitous, active, physical forces such as lightning, wind, and explosion, which bring about the loss. . . . On the other hand, the right to coverage in the third party liability insurance context draws on traditional tort concepts of fault, proximate cause, and duty."); Montrose Chem. Corp. v. Admiral Ins. Co., 10 Cal. 4th 645, 664 (1995) ("This liability analysis differs substantially from the coverage analysis in the property insurance context, which draws on the relationship between perils that are either covered or excluded in the contract. In liability insurance, by insuring for personal liability, and agreeing to cover the insured for his own negligence, the insurer agrees to cover the insured for a broader spectrum of risks.") (emphasis omitted).

For the stated reasons, Plaintiff has not shown that the Court committed clear error or made an initial decision that was manifestly unjust. Therefore, Plaintiff's motion to vacate the Court's September 22, 2011 Order is DENIED.

Dated: November 30, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge